IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH LAMBERT                                                     PLAINTIFF

vs.                            Civil No. 6:08-cv-06049

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kenneth Lambert ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on December 16, 2004. (Tr. 55, 69). Plaintiff alleged he was disabled due to connective tissue disorder, knee, rib, hand, shoulder, legs and arm pain, enlarged heart, fluid in lungs, and shortness of breath. (Tr. 67, 68, 94, 102, 112). Plaintiff alleged an onset date of January 1, 2004. (Tr. 55). These applications were initially denied on May

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

18, 2005 and were denied again on reconsideration on October 20, 2005. (Tr. 42, 47). On January 6, 2005, Plaintiff requested an administrative hearing on his applications. (Tr. 36). The hearing was held on January 11, 2007, in Hot Springs, Arkansas. (Tr. 551-567). Plaintiff was present and represented by counsel Charles Padgham, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of the hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2009), and had a 9th grade education. (Tr. 554).

On August 29, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 18-28). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date, January 1, 2004. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the severe impairments of a history of diabetes mellitus; a history of obesity; a history of moderate degenerative joint disease of the knees bilaterally with some mild degenerative arthritic change at the AC joint of the left shoulder; a history of hypertension with a history of dyspnea; a history of supra ventricular tachycardia; a history of right lower lobe nodule; and a history of adjustment disorder with depressed mood. (Tr. 20, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 21-27). The ALJ indicated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), 20 C.F.R. § 404.929 and 20 C.F.R. §

404.1529(c). (Tr. 22). The ALJ found Plaintiff's subjective complaints and his claimed limitations were not totally credible. (Tr. 26).

The ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit for a total of two hours in an eight-hour workday; and stand and/or walk for a total of about six hours in an eight-hour workday. (Tr. 21).

The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW"). (Tr. 27, Finding 5). The ALJ found, based on Plaintiff's age, education, and previous work experience and his RFC, Plaintiff was able to perform work existing in significant numbers in the national economy. (Tr. 27, Finding 9). Based on the Medica-Vocational Guidelines ("Grids"), the ALJ found Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 28, Finding 10).

On December 12, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 11). *See* 20 C.F.R. § 404.984(b)(2). On April 1, 2008, the Appeals Council declined to review this determination. (Tr. 4-7). On May 7, 2008, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 6,7). The parties consented to the jurisdiction of this Court on May 20, 2008. (Doc. No. 4).

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his finding that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (B) the ALJ erred in his RFC determination of Plaintiff; (C) the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints of pain; and (D) the ALJ improperly relied upon the Grids  (Doc. No. 6, Pages 3-10).  In response, Defendant argues the ALJ properly found Plaintiff's impairments did not meet a Listing, the ALJ properly determined Plaintiff's RFC, the ALJ properly evaluated Plaintiff's subject complaints of pain and the ALJ properly riled on the Grids in finding Plaintiff was not disabled.  (Doc. No. 7, Pages 3-9).

#### A. RFC and Grids

The ALJ used the Grids to reach a conclusion of "not disabled."  (Tr. 27, Finding 9).  If the ALJ properly determines that a claimant's RFC is not significantly diminished by a non-exertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to hear the testimony from a VE.  However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a non-exertional limitation.  *See*

*McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003).

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

In this case the ALJ found Plaintiff had severe impairments which included history of diabetes mellitus, obesity, moderate degenerative joint disease of the knees bilaterally with some mild degenerative arthritic change at the AC joint of the left shoulder, hypertension with a history of dyspnea, supra ventricular tachycardia, right lower lobe nodule, and adjustment disorder with depressed mood. (Tr. 20, Finding 3). The ALJ also found Plaintiff retained the RFC to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit for a total of two hours in an eight-hour workday; and stand and/or walk for a total of about six hours in an eight-hour workday. (Tr. 21).

The ALJ then found, based on Plaintiff's age, education, and previous work experience and his RFC, Plaintiff was able to perform work existing in significant numbers in the national economy. (Tr. 27, Finding 9). Based on the RFC finding, the ALJ determined the Grids directed a finding that Plaintiff was not disabled. (Tr. 28). Further, as a result of the RFC finding, the ALJ did not obtain any testimony from the VE regarding the availability of work that a person with Plaintiff's

limitations could perform.[2]

After reviewing the record, this Court finds that the ALJ's RFC determination is not supported by substantial evidence because the existence of non-exertional limitations should be included in any decision regarding the Plaintiff's RFC. When the ability to perform a full range of work for a particular exertional level is compromised by the existence of non-exertional limitations, the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work. *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998).

The record shows Plaintiff has a history of obesity, degenerative joint disease of the knees, arthritis in the left shoulder and hypertension. (Tr. 20-26). Plaintiff testified he is 5' 6" and weighs 315 lbs. (Tr. 555). Plaintiff also testified he cannot stoop, bend, or crawl. (Tr. 565). The ALJ did not discuss or consider these non-exertional impairments. The record medical evidence documents the diagnoses of obesity, degenerative disease, and hypertension, and these could reasonably be expected to produce pain, shortness of breath, difficulty with manipulative functions and dizziness.

This matter should be remanded for the purpose of addressing Plaintiff's nonexertioanl limitations and if needed, the testimony of a VE regarding the effect of those limitations have on the availability of work.

### B. Credibility Determination

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] The VE did testify about the Plaintiff's past relevant work, however no hypothetical was posed by the ALJ regarding the VE's opinion of work available in the national work place for a person with the Plaintiff's limitations.

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, while the ALJ cites *Polaski* he did not perform a *Polaski* analysis.

---

symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

8

Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records, and briefly considered Plaintiff's lack of prescription medicine use. (Tr. 23). This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.[4]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of August, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.